UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT MAVERICK MADEKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-01060-NCC |
| BOSTON SCIENTIFIC and JACK FLASH, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of self-represented Plaintiff Brett Madeker's complaint and motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 and 2). Plaintiff's motion includes unusual statements, including his statement that he is a "Hostage by Boston Scientific . . .". (ECF No. 2 at 1). Nevertheless, the Court finds that the motion establishes Plaintiff's inability to pay the filing fee, and will grant him leave to proceed *in forma pauperis*. Having reviewed Plaintiff's complaint, the Court finds it is frivolous and the defects cannot be remedied by a more specific pleading. The Court will therefore dismiss this case with prejudice, and will deny as moot Plaintiff's motion to appoint counsel.

### I. Background

Plaintiff prepared the complaint using the Court's civil complaint form. He asserts unusual facts, and his handwriting is often illegible. In the caption of the complaint, he identifies the defendants as Boston Scientific and Jack Flash, Inc. (ECF No. 1 at 1). Where the form complaint seeks information regarding federal jurisdiction, Plaintiff writes: "My Identity was taken. I got implanted illegally by Zach [illegible] with Boston Scientific. He [illegible] my Civil Rights." *Id.* at 3. Plaintiff identifies individuals that "claim to be Federal Agents." *Id.*

> Where the form prompts Plaintiff to state the facts supporting his claims, he writes:
>
> Zach Morris already had a Stolen Implant from Ashley Hicks. Zach Morris went to Boston Scientific and the put another Implant in and made Deathly Sick at times. Im [illegible] they are [illegible] on my eyes. By using my thoughts or Own God [illegible] Victim They make fun of me hurt my stomach. [illegible] he rapes me. Im 68% Native American. It's Hate Crime.

*Id.* at 5 (The Court quotes the complaint verbatim without correcting or noting any errors). Elsewhere in the complaint, Plaintiff refers to being subjected to implants and he states that certain people hate him. *Id.* at 6. He seeks $100,000,000 in damages.

## II. Standard

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous. 28 U.S.C. § 1915(e)(2). "[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328). Although "[a]n *in forma pauperis* complaint may not be dismissed ... simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Complaints filed by laypeople "are to be given liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). That means that "if the essence of an allegation is discernible … then the district court should construe the complaint in a way that permits the layperson's

claim to be considered within the proper legal framework." *Id.* (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Finally, giving a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III. Discussion

Having liberally construed Plaintiff's complaint, the Court finds that it contains no claims over which the Court may exercise jurisdiction. Instead, Plaintiff offers only "clearly baseless" allegations. For example, Plaintiff seeks monetary relief based on allegations that he was implanted with devices that made him sick, and others used his thoughts. The Court finds Plaintiff's allegations are delusional, and "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore deems Plaintiff's complaint "frivolous" because it "lacks an arguable basis … in law or in fact." *Neitzke*, 490 U.S. at 325.

This Court is required to dismiss a case at any time if the Court determines that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, in light of its frivolity determination, the Court will dismiss this case with prejudice, as the defects in the complaint cannot be remedied through more specific pleading. For the same reasons the Court deems Plaintiff's complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3).

Finally, because this action is being dismissed as frivolous, the Court will deny Plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of September, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE